UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HORDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| PARSLEY ENERGY, INC., BRYAN SHEFFIELD, MATT GALLAGHER, A.R. ALAMEDDINE, RONALD BROKMEYER, WILLIAM L. BROWNING, HEMANG DESAI, KAREN HUGHES, JAMES J. KLECKNER, DAVID SMITH, S. WIL VANLOH, JR., JERRY WINDLINGER, PIONEER NATURAL RESOURCES COMPANY, PEARL MERGER SUB INC., PEARL SECOND MERGER SUB LLC, PEARL OPCO MERGER SUB LLC, and PARSLEY ENERGY LLC, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On October 20, 2020, Parsley Energy, Inc.'s ("Parsley" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Parsley to enter into an agreement and plan of merger (the "Merger Agreement") with Pioneer Natural Resources Company ("Parent"), Pearl First Merger Sub Inc. ("Merger Sub Inc."), Pearl Second Merger Sub LLC ("Merger Sub LLC"), Pearl Opco Merger Sub LLC ("Opco Merger Sub LLC," and together with Parent, Merger Sub Inc., and Merger Sub LLC, "Pioneer"), and Parsley Energy, LLC ("Opco

LLC").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub Inc. will merge with and into Parsley, with Parsley surviving as a wholly-owned subsidiary of Parent; (ii) Merger Sub LLC will merge with and into Opco LLC, with Opco LLC surviving as a wholly-owned subsidiary of Parent; (iii) each share of Class A common stock of Parsley will be converted into 0.1252 shares of Parent common stock; and (iv) each unit of Opco LLC will be converted into 0.1252 shares of Parent common stock (the "Proposed Transaction").

3. On November 23, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Parsley common stock.

9. Defendant Parsley is a Delaware corporation and maintains its principal executive offices at 303 Colorado Street, Austin, Texas 78701. Parsley's common stock is traded on the New York Stock Exchange under the ticker symbol "PE."

10. Defendant Bryan Sheffield is Founder and Chairman of the Board of the Company.

11. Defendant Matt Gallagher is President, Chief Executive Officer, and a director of the Company.

12. Defendant A.R. Alameddine is a director of the Company.

13. Defendant Ronald Brokmeyer is a director of the Company.

14. Defendant William L. Browning is a director of the Company.

15. Defendant Hemang Desai is a director of the Company.

16. Defendant Karen Hughes is a director of the Company.

17. Defendant James J. Kleckner is a director of the Company.

18. Defendant David Smith is a director of the Company.

19. Defendant S. Wil VanLoh, Jr. is a director of the Company.

20. Defendant Jerry Windlinger is a director of the Company.

21. The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

23. Defendant Merger Sub Inc. is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

24. Defendant Merger Sub LLC is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

25. Defendant Opco Merger Sub LLC is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

26. Defendant Opco LLC is a Delaware limited liability company and party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Parsley is an independent oil and natural gas company focused on the acquisition, development, exploration, and production of unconventional oil and natural gas properties in the Permian Basin.

28. The Company's properties are located in two sub areas of the Permian Basin, the Midland and Delaware Basins, where, given the associated returns, the Company focuses predominantly on horizontal development drilling.

29. On October 20, 2020, Parsley's Board caused the Company to enter into the Merger Agreement with Pioneer and Opco LLC.

30. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub Inc. will merge with and into Parsley, with Parsley surviving as a wholly-owned subsidiary of Parent; (ii) Merger Sub LLC will merge with and into Opco LLC, with Opco LLC surviving as a wholly-owned subsidiary of Parent; (iii) each share of Class A common stock of Parsley will be converted into 0.1252 shares of Parent common stock; and (iv) each unit of Opco LLC will be

converted into 0.1252 shares of Parent common stock.

  31. According to the press release announcing the Proposed Transaction:

Pioneer Natural Resources Company (NYSE:PXD) ("Pioneer" or "the Company") and Parsley Energy, Inc. (NYSE:PE) ("Parsley") today announced that they have entered into a definitive agreement under which Pioneer will acquire all of the outstanding shares of Parsley in an all-stock transaction valued at approximately $4.5 billion as of October 19, 2020. Under the terms of the agreement, Parsley shareholders will receive a fixed exchange ratio of 0.1252 shares of Pioneer common stock for each share of Parsley common stock owned. The total value for the transaction, inclusive of Parsley debt assumed by Pioneer, is approximately $7.6 billion. . . .

Transaction Details

This all-stock transaction constitutes a 7.9% premium to Parsley shareholders based on unaffected closing share prices as of October 19, 2020. Pioneer will issue approximately 52 million shares of common stock in the transaction. After closing, existing Pioneer shareholders will own approximately 76% of the combined company and existing Parsley shareholders will own approximately 24% of the combined company.

The transaction has been unanimously approved by the Boards of Directors of both Pioneer and Parsley and is expected to close in the first quarter of 2021, subject to customary closing conditions, regulatory approvals and shareholder approvals. Parsley's largest investor, Quantum Energy Partners, which owns approximately 17% of Parsley's outstanding shares, has executed a Voting and Support Agreement in connection with the transaction.

Upon closing of the transaction, Pioneer's Board of Directors will be expanded to thirteen to include Matt Gallagher, Parsley's President and CEO, and A.R. Alameddine, Parsley's lead director. Pioneer's executive management team will lead the combined company with the headquarters remaining in Dallas, Texas.

Advisors

In connection with this transaction, Pioneer has retained Goldman Sachs & Co. LLC and Morgan Stanley & Co. LLC as financial advisors and Gibson, Dunn & Crutcher LLP as a legal advisor. Parsley has retained Credit Suisse Securities (USA) LLC and Wells Fargo Securities, LLC as financial advisors and Vinson & Elkins LLP as a legal advisor.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

32. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

33. As set forth below, the Registration Statement omits material information.

34. First, the Registration Statement omits material information regarding the Company's and Pioneer's financial projections.

35. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projection: (i) all line items used to calculate EBITDAX, EBITDA, discretionary cash flow, levered free cash flow, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

36. With respect to Pioneer's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate EBITDAX, EBITDA, discretionary cash flow, and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

37. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

38. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors, Credit Suisse Securities (USA) LLC ("Credit Suisse") and Wells Fargo Securities, LLC ("Wells Fargo").

39. With respect to Credit Suisse's Discounted Cash Flow Analysis—Corporate for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the individual inputs and

assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley and 9.0% to 11.0% for Pioneer; and (ii) Credit Suisse's basis for selecting terminal multiples of 4.75x-5.75x for Parsley and 5.5x-6.5x for Pioneer.

40. With respect to Credit Suisse's Discounted Cash Flow Analysis—Net Asset Value for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 9.5% to 11.5% for Parsley and 9.0% to 11.0% for Pioneer; and (ii) Credit Suisse's basis for selecting terminal multiples of 4.75x-5.75x for Parsley and 5.5x-6.5x for Pioneer.

41. With respect to Wells Fargo's Discounted Cash Flow Analysis for Parsley and Pioneer, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 9.25% for Parsley and 7.25% to 8.75% for Pioneer; and (ii) Wells Fargo's basis for selecting terminal EBITDAX multiples of 4.75x-5.75x for Parsley and 5.50x-6.50x for Pioneer.

42. With respect to Wells Fargo's Selected Public Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

43. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44. Third, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained "don't ask, don't waive" provisions.

45. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were

permitted to do so, when in fact they are or were contractually prohibited from doing so.

46. Fourth, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

47. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

48. The omission of the above-referenced material information renders the Registration Statement false and misleading.

49. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Parsley

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Parsley is liable as the issuer of these statements.

52. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants

8

were aware of this information and their duty to disclose this information in the Registration Statement.

53. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

56. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Pioneer

58. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59. The Individual Defendants and Pioneer acted as controlling persons of Parsley within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Parsley and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60. Each of the Individual Defendants and Pioneer was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

62. Pioneer also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63. By virtue of the foregoing, the Individual Defendants and Pioneer violated Section 20(a) of the 1934 Act.

64. As set forth above, the Individual Defendants and Pioneer had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2020　　　　　　　　　　**RIGRODSKY & LONG, P.A.**

By:　/s/ *Gina M. Serra*
　　　Seth D. Rigrodsky (#3147)
　　　Brian D. Long (#4347)
　　　Gina M. Serra (#5387)
　　　300 Delaware Avenue, Suite 210
　　　Wilmington, DE 19801
　　　Telephone: (302) 295-5310
　　　Facsimile: (302) 654-7530
　　　Email: sdr@rl-legal.com
　　　Email: bdl@rl-legal.com
　　　Email: gms@rl-legal.com
　　　*Attorneys for Plaintiff*